# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY A. SMITH, ET AL. | CIVIL ACTION |
| VERSUS | NO. 11-3171 |
| LIBERTY LIFE INSURANCE COMPANY | SECTION "E" (3) |

## REPORT AND RECOMMENDATION

Before the Court for *in camera* review are records from the State of Louisiana, Department of Public Safety and Corrections, Division of Probation and Parole ("the State"). The District Court referred the records to this Court for review. [Doc. #24].[1]

In short, defendant served a subpoena on the State in which it sought the probation records of the deceased insured for purposes of its motion for summary judgment. The State produced the records to the Court for *in camera* review and for filing in the record, should circumstances so warrant. Citing Louisiana Revised Statue § 15:241.12, the State informed defendant that it was "unable to release the information requested." Section 15:241.12 does not exist, but Section 15:574.12 controls the release of such records to an individual.

Specifically, Section 15:574.12(F) provides:

F. (1) Whenever records covered by this Section are subpoenaed, the records shall be submitted to the appropriate court for a ruling as to whether the information

---

[1] There is no motion before the Court.

> should be turned over to the party who caused the subpoena to be issued. The court shall make this determination in camera. Should the court find:
> (a) That the information is not relevant to the proceedings, or
> (b) That the information was derived from communications which were obviously made in the confidence that they would not be disclosed, or
> (c) That confidentiality is essential to future useful relations between the source and the recorder of the information,
> the information shall be withheld.

La. Rev. Stat. § 15:574.12(F)(1)(a)-(c).

This Court's review of the records reveals that they are relevant to the proceedings and at least one affirmative defense in defendant's motion for summary judgment. There is no indication that the information was derived from communications which were obviously made in the confidence that they would not be disclosed. Indeed, many of the records appear to be public records. And lastly, confidentiality is not essential to future useful relations between the source and the recorder of the information given that the source is now deceased. Accordingly,

**IT IS RECOMMENDED** that the records be released to the parties for review in conjunction with the motion for summary judgment. Out of an abundance of caution, however,

**IT IS FURTHER RECOMMENDED** that the records be produced to the parties under seal and only for use in this litigation. At the conclusion of the litigation, the parties shall destroy the records.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d

2

1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of November, 2012.

                                                        **DANIEL E. KNOWLES, III**
                                                        **UNITED STATES MAGISTRATE JUDGE**